IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON LYLES, | ) | CASE NO. 3:10CV1766 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| ED SHELDON, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. No. 5 |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Respondent moves to dismiss the petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 of petitioner, Devon Lyles ("Lyles").  Doc. No. 5. In the alternative,

respondent moves to transfer this action to the United States Court of Appeals for the

Sixth Circuit for petitioner to seek leave to file a successive petition.   Lyles opposes

petitioner's motion to dismiss but does not object to transfer of the case to the Sixth

Circuit.  For the reasons given below, respondent's motion should be GRANTED and

Lyles' petition dismissed with prejudice.

I

On May 4, 2005 the Allen County grand jury indicted Lyles on two counts of

trafficking in crack cocaine in violation of Ohio Rev. Code § 2925.03(A) & (C)(4)(e), a

felony of the second degree (counts one and two); one count of trafficking in crack

cocaine the vicinity of a school in violation of Ohio Rev. Code § 2925.03(A) & (C)(4)(d),

a felony of the second degree (count three); and one count of permitting drug abuse in

violation of Ohio Rev. Code § 2925.13(A) & (C)(3), a felony of the fifth degree (count

four).  The grand jury included a specification for forfeiture of property in connection with

count three.  Lyles pleaded not guilty to the charges in the indictment.  The state later

dropped the allegation of drug trafficking in the vicinity of a school, reducing the

allegation of drug trafficking in count three to a third degree felony.  On June 29, 2004 a

jury found Lyles guilty as to all charges in the amended indictment.

The trial court held a sentencing hearing on August 4, 2004.  Prior to sentencing,

the court found that the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), did not

apply to Ohio's sentencing statutes.  The court determined that a prison term was

mandatory with regard to counts one, two, and three, citing Ohio Rev. Code §§

2929.13(F) and 2929.12(B).  The court also determined that a prison term was

appropriate upon making the following findings:  (1) Lyles committed the offense for hire

or as part of an organized criminal activity; (2) Lyles was previously adjudicated a

delinquent child or the offender had a history of criminal convictions; (3) Lyles had not

been rehabilitated to a satisfactory degree after previously being adjudicated a

delinquent child or had not responded favorably to sanctions previously imposed for

criminal convictions; (4) Lyles showed no genuine remorse for the offense; (5)

considering the factors set forth in Ohio Rev. Code § 2929.12, Lyles was not amenable

to community control sanctions; (6) a combination of community control sanctions would

2

demean the seriousness of Lyles' conduct and its impact on the victim; and (7) a sentence of imprisonment was commensurate with the seriousness of Lyles' conduct and its impact on the victim.

After determining that a prison term was required, the court sentenced Lyles to three years' imprisonment on count one, three years' imprisonment on count two, two years' imprisonment on count three, and ten months' imprisonment on count four.  The terms of imprisonment for the first three counts were to be served consecutively to each other, and the term of imprisonment for count four was to be served concurrently with the sentences in counts one through three.  The court also imposed up to three years of community control and fined Lyles $13,750.00.  The court justified the consecutive sentences by making the following findings:  (1) such sentences were necessary to protect the public and were not disproportionate to Lyles' conduct and the danger he posed; (2) the harm Lyles had done was so great or unusual that a single term would not adequately reflect the seriousness of his conduct; and (3) his criminal history showed that consecutive sentences were necessary to protect the public.  In imposing prison terms greater than the minimum term, the court made the following findings:  (1) the shortest term would demean the seriousness of the crime; (2) the shortest term would not protect the public from future crime by the defendant or others; and (3) Lyles posed the greatest likelihood of committing future crimes.

Lyles filed a timely notice of appeal.  Lyles asserted six assignments of error in the state appellate court:

    I.     The Trial Court erred in sentencing the Defendant by not imposing a minimum sentence, in violation of R.C. §2929.14(B).

3

II.      The Trial Court erred in sentencing the Defendant by imposing
         consecutive sentences, in violation of R.C. §2929.14(E)(4).

III.     Sentencing in this case violated the *Apprendi* doctrine as explained in
         *Blakely v. Washington* and was therefore unconstitutional.

IV.      The conviction for the first transaction was against the manifest weight of
         the evidence.

V.       The conviction for the second transaction was against the manifest weight
         of the evidence.

VI.      The conviction for the third transaction was against the manifest weight of
         the evidence.

On December 27, 2005 the state appellate overruled Lyles' assignments of error and

affirmed the judgment of the trial court.

Lyles timely appealed the decision of the state appellate court to the Ohio

Supreme Court.  In his memorandum in support of jurisdiction, Lyles asserted two

propositions of law:

Proposition of Law #1:  Ohio Sentencing Law is Unconstitutional for Violation of
the Right to Counsel.

Proposition of Law #2:  Trial Courts Must Find a Course of Conduct Before
Finding Great or Unusual Harm for Consecutive Sentencing.

On May 17, 2006 the Ohio Supreme Court reversed the decision of the appellate court

and remanded the case to the trial court for re-sentencing consistent with *State v.*

*Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).[1]

On July 11, 2006 the trial court held a sentencing hearing at which Lyles testified

---

[1] *Foster* severed the provisions of the Ohio sentencing statutes that required courts
to engage in the sort of judicial factfinding barred by *Blakely v. Washington*, 542 U.S. 296
(2004), and permitted courts to sentence defendants anywhere within the sentencing range
appropriate to an offense.

very briefly.  At the hearing, Lyles' attorney argued, *inter alia*, that sentencing Lyles in accordance with *Foster* would violate the *ex post facto* clause of the United States Constitution.  The court re-imposed the original sentence of three years' imprisonment on count one, three years' imprisonment on count two, two years' imprisonment on count three, ten months' imprisonment on count four, community control, and a fine of $13,750.00.[2]  In re-sentencing Lyles, the trial court made the original findings and considered them as advisory factors.

Lyles filed a timely notice of appeal.  Lyles asserted a single assignment of error in his appeal:

> The sentence imposed on remand was imposed pursuant to a judicially-created version of Ohio sentencing laws that, applied retroactively to Mr. Lyles, violated his freedom from ex post facto laws.

On November 27, 2006 the state appellate court affirmed the judgment of the trial court.

Lyle filed a timely notice of appeal in the Ohio Supreme court.  In his memorandum in support of jurisdiction, Lyle asserted a single proposition of law:

> Proposition of Law #1:  Ohio Sentencing Law in Unconstitutional for Violation of the Right of Due Process.

On March 28, 2007 the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.

Lyles filed in this court a petition for a writ of habeas corpus on May 7, 2007.

Lyles asserted one ground for relief in his petition:

> The sentence imposed in this case, of a non-minimum, consecutive sentence for

---

[2]  In its original judgment entry of sentencing, the court mistakenly imposed a three year term of imprisonment on count three.  The court amended this sentence *nunc pro tunc* to the original two years in an amended judgment entry of sentencing.

5

a person who had served no prior prison sentence, was unconstitutional for violation of his rights of presentment to a grand jury, trial by jury, and proof beyond a reasonable doubt  of essential facts without which such sentence could not be imposed.

On April 24, 2008, the court denied Lyles' petition for a writ of habeas corpus and entered judgment in favor of respondent.  Lyles filed a notice of appeal to the Sixth Circuit Court of Appeals, and the Sixth Circuit denied Lyles a certificate of appealability on November 10, 2008.

On August 22, 2008, Lyles filed in the trial court a motion to re-sentence, alleging that the previous re-sentencing was void pursuant to *State v. Pelfrey*, 112 Ohio St. 3d 422, 860 N.E.2d 735 (2007), and related cases.  The trial court denied this motion, and Lyles did not pursue an appeal.

On July 16, 2009, Lyles filed in the trial court a second motion to re-sentence, alleging that the previous resentencing was void pursuant to *State v. Baker*, 119 F.3d 197, 893 N.E.2d 163 (2008).  On July 11, 2009, the trial court held a second sentencing hearing.  The court then sentenced Lyles to three years' imprisonment on count one, three years' imprisonment on count two, three years' imprisonment on count three, and ten months' imprisonment on count four.  The terms of imprisonment for the first three counts were to be served consecutively to each other, and the term of imprisonment for count four was to be served concurrently with the sentences in counts one through three.  The court also imposed up to three years of community control and fined Lyles $12,500.00.  The court entered judgment *nunc pro tunc* on July 28. 2009.  The court gave as the reason for the *nunc pro tunc* entry, "to correct the Sentencing Entry to comply with *State v. Baker* (2008), 119 F.3d 197 so as to create a proper final

6

appealable Order." *Nunc Pro Tunc* Judgment Entry of Sentencing, Resp. Motion, Exh.

1, p. 4.

On July 30, 2009, Lyles filed in the trial court a notice of appeal of its July 28,

2009 judgment entry.

On August 3, 2009, the trial court again journalized a *nunc pro tunc* judgment

entry imposing the same sentence and filing *nunc pro tunc* for the same expressed

reason.  This entry was meant to correct clerical errors.  On August 9, 2009, the trial

court journalized a third *nunc pro tunc* judgment entry, this time changing Lyles'

sentence on count three to two years, rather than three.  The trial court again said that

the purpose of the *nunc pro tunc* entry was to create a proper final appealable order

pursuant to *Baker.*

On August 12, 2009, the state appellate court dismissed Lyles' appeal.  In

explaining its dismissal, the appellate court wrote as follows:

> A *nunc pro tunc* judgment applies retrosepectively to the judgment which it
> corrects.  A *nunc pro tunc* judgment is not properly subject to appeal and does
> not act to extend the time in which appellant could appeal the actual judgment of
> sentence.  *Gold Touch, Inc. v. TJS Lab, Inc.* (1998), 138 Ohio App. 3d. 106; *Roth
> v. Roth* (1989), 63 Ohio App. 3d 768; *Kuehn v. Kuehn* (1988), 55 Ohio App. 3d
> 245,
> In the instant case, the court finds that the trial court issued a *Nunc Pro
> Tunc* Judgment Entry for the sole purpose of retrospectively correcting a clerical
> omission in the prior re-sentencing judgment.  No new or substantial right was
> affected under R.C. 2505.02(A)(1) by correcting the sentencing judgment to
> reflect what was clearly evident throughout the record, and, specifically, a fact
> clearly noted in the judgment of conviction.  Appellant exhausted the appellate
> process when the judgment of conviction was reviewed and affirmed in 2004,
> and again when the re-sentencing judgment was reviewed and affirmed in 2006.
> [See, also, *State v. Hall* (Jan. 8, 2009), 3rd Dis. No. 12-08-09, unreported
> Judgment Entry, dismissing appeal from Nunc Pro Tunc Judgment correcting
> omission in 2004 Sentencing Judgment; discretionary appeal denied *05/06/2009
> Case Announcements*, 2009-Ohio-2045.]
> Accordingly, we find that the trial court's July 28, 2009 Nunc Pro Tunc

7

> Judgment is not a final order subject to appeal, Appellant's notice of appeal is not filed within thirty days of the July 11, 2006 Judgment of Re-Sentence, as corrected *nunc pro tunc*, and the appeal must be dismissed for lack of jurisdiction.

Judgment Entry, Resp. Motion, Exh. 5, p. 3.

Lyles moved for reconsideration, asserting that his substantive rights had been affected by the *nunc pro tunc* entry because his sentence on count three had been increased from two to three years upon resentencing.  The state appellate court overruled Lyles' motion, noting that the increase in sentence on count three had been a clerical error, and that error had been corrected by a subsequent *nunc pro tunc* entry.

Lyles timely appealed the state appellate court's dismissal of his appeal to the Ohio Supreme Court.  On December 16, 2009, the Ohio Supreme Court denied Lyles leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Lyles filed his current petition for a federal writ of habeas corpus in this court on August 11, 2010.

> The State of Ohio has denied Due Process to Mr. Lyles by deprivation of the right to appeal.
>
> By Ohio law, a criminal case is not final until Ohio/s [sic] Crim. R. 32(C) is complied with.  When that happened in this case, in 2009, Mr. Lyles attempted to appeal.  This was dismissed for being untimely, despite Ohio caselaw from other districts ruling opposite and despite a timely appeal within rule timed from the date of the final appealable order.  The Ohio Supreme Court declined discretionary review.  When Ohio establishes a right to appeal but then denies that right for random reasons, by dismissal of the appeal without remedy, this violates due process.

On October 14, 2010, respondent moved to dismiss Lyles' petition as a second petition or, in the alternative, to transfer the petition to the Sixth Circuit for permission to file a

8

second petition.  Lyles opposes the motion to dismiss but not the alternative to transfer.

II

*A.*     *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Lyles was convicted in the court of common pleas in Allen County, which is within the court's geographic jurisdiction.  This court has jurisdiction over Lyles' petition.

*B.*     *Motion to dismiss*

Respondent moves to dismiss Lyles' petition pursuant to 28 U.S.C. § 2244(a) & (b) ("§ 2244").  Respondent argues that because Lyles adjudicated a previous petition for a writ of habeas corpus in this court, his petition should be dismissed as a second petition or, in the alternative, transferred to the Sixth Circuit to petition for permission to proceed with a second petition, pursuant to §§ 28 U.S.C. 1631 and 2244(b)(3)(A); *see also* In re *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).  Lyles replies that as his first petition was the result of a state appeal that was not based on a final appealable order, his first petition was not properly filed.  As it was not properly filed, according to Lyles, it was a legal nullity.  His current petition, therefore, is actually his first petition.  As such, Lyles concludes, it is not subject to the requirements of § 2244(a) & (b).

9

Section 2244(a) & (b) provide in relevant part as follows:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In sum, § 2244 provides that a successive petition shall be dismissed unless the petitioner (1) cites a new, retroactive, and relevant rule of constitutional law or (2) produces undiscovered facts previously unavailable despite due diligence and clearly demonstrating innocence.

Lyles fails to satisfy either of the two predicates necessary for consideration of a second petition and transfer to the Sixth Circuit for permission to file.  He does not show that his due process claim relies on a new rule of constitutional law, made retroactive to

10

cases on collateral review by the Supreme Court, that was previously unavailable.  He also fails to show that  the factual predicate for his claim could not have been discovered previously through the exercise of due diligence and that the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  As Lyles fails to demonstrate either of the predicates necessary for consideration of a second petition, there is no basis for transferring Lyles' petition to the Sixth Circuit for permission to file a second petition.  Consequently, Lyles' petition should be dismissed with prejudice.

In addition, Lyles' contention that his petition is not a successive petition is without merit, for two reasons.  First, Ohio law does not permit appeal from a judgment entry changed *nunc pro tunc*:

> The function of a *nunc pro tunc* journal entry is to correct an omission in a prior journal entry so as to enter upon the record judicial action actually taken but erroneously omitted from the record.  A *nunc pro tunc* judgment cannot be used to change a prior journal entry unless it did not reflect what was actually decided by the court.

*Roth v. Roth*, 65 Ohio App.3d 768, 585 N.E.2d 482 (1989).  "[N]*unc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the clerk might or should have decided or what the court intended to decide."  *State ex rel. Litty v. Leskovyansky*, 77 Ohio St. 3d 97, 671 N.E.2d 236 (1996).  Thus, an appeal must ordinarily be taken from the original judgment entry, not from the corrected entry, unless the correction substantively changes the judgment.  *See Goelling v. Goelling,* 1992 WL 388535, at *3 (Ohio App. Dec. 22, 1992); *see also Roth*, 65 Ohio App.3d at 771, 585 N.E.2d at 483-84.  As the *nunc pro tunc* judgment entry of re-sentence, as finally corrected,

11

did not substantively alter the original judgment entry, appeal from the *nunc pro tunc* judgment entry was not permitted under Ohio law.

Second, Lyles has enjoyed two appeals on the merits even though both judgments of sentence from which he appealed contained technical errors.  Lyles' August 4, 2004 Judgment Entry of Sentence included the same error as the error contained in his July 11, 2006 Judgment of Re-Sentence, *viz.*, that the entry failed to include the "means of conviction," that Lyles was found guilty by a jury.  *See* Judgment Entry of Sentence, Return of Writ (Doc. No. 9), Exh. 5, pp. 1-2, *Lyles v. Jeffries*, 3:07CV1315 (N.D. Ohio  Sept. 4, 2007).  Despite the error in the August 4, 2004 Judgment Entry, Lyles' appeal of that judgment was considered on the merits by the state appellate court and the Ohio Supreme Court.  Indeed, the Ohio Supreme Court reversed Lyles' sentence based on the holding in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), and remanded the case for re-sentencing.  Lyles appealed his resentencing.  Despite the unnoticed error in the Judgment of Re-Sentence, the state appellate court considered his appeal on the merits.  On March 28, 2007, the Ohio Supreme Court declined jurisdiction to hear Lyles' appeal case and dismissed the appeal as not involving any substantial constitutional question

The Ohio Supreme Court's filing of a judgment entry on March 28, 2007 dismissing Lyles' appeal marked the date on which Lyles' judgment became final by the conclusion of direct review.  That filing triggered the provision of 28 U.S.C. § 2244(d)(1) that a petition for a federal writ of habeas corpus be filed within one year of the conclusion of direct review.  Lyles filed in this court a timely petition for a writ of habeas corpus on May 7, 2007.  The court considered his petition on the merits and denied his petition on April 24, 2008.  Whatever the errors in Lyles' initial Judgment Entry of Sentence and later Judgment of Re-

Sentence, Lyles has had a full direct appeal on the merits of both judgment entries and a petition for habeas relief considered on the merits.

For the above reasons, it is impossible for Lyles to argue now that he was denied his federal constitutional right to due process on the ground that he was denied a direct appeal or that his first habeas petition "did not count."  Lyles' appeal based on the *nunc pro tunc* judgment entry and his current petition amount to little more than an attempt to get a second "bite of the apple."  This attempt is both procedurally barred and substantively meritless.  Lyles' current petition for a writ of habeas corpus is, indeed, a second petition, and it should be dismissed pursuant to § 2244(a) & (b).

III

For the reasons given above, respondent's motion to dismiss should be GRANTED and Lyles' petition should be dismissed with prejudice.

Dated:  July 26, 2011                   *s:\Nancy A. Vecchiarelli*
                                        Nancy A. Vecchiarelli
                                        United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**