**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **DEVON LYLES,** | ) | **CASE NO. 3:10CV1766** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ED SHELDON, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

        This matter comes before the Court on Petitioner Devon Lyles' Petition under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).

Respondent filed a Motion to Dismiss on October 14, 2010 (ECF#5).  For the following

reasons, the Court accepts and adopts the Magistrate Judge's Report and

Recommendation,  grants Respondent's Motion and dismisses Petitioner's Petition.

<u>**FACTS**</u>

        The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation, adopted and incorporated, provides a more complete and

detailed discussion of the facts.

On February 12, 2004, Petitioner was indicted by a grand jury in Allen County, Ohio on two counts of Trafficking in Crack Cocaine, one count of Trafficking in Crack Cocaine in the Vicinity of a School, and one count of Permitting Drug Abuse, along with a Specification for Forfeiture of Property. The state later amended the indictment to remove the Drug Trafficking in the Vicinity of a School, reducing it to a third degree felony. On June 29, 2004 a jury found Petitioner guilty as to all charges in the amended indictment.

The trial court sentenced Petitioner on August 4, 2004, to three years imprisonment on Count One, three years on Count Two, two years on Count Three, and ten months on Count Four. The terms of imprisonment for the first three counts were to be served consecutively to each other, and the term of imprisonment for Count Four concurrently with the sentences in Counts One through Three. The court also imposed up to three years of community control and a fine.

Petitioner filed a timely Notice of Appeal. On December 27, 2005, the Court of Appeals affirmed the judgment of the trial court. Petitioner timely appealed the decision of the state appellate court to the Ohio Supreme Court. On May 17, 2006, the Ohio Supreme Court reversed the decision of the appellate court and remanded the case to the trial court for re-sentencing consistent with *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006). On July 11, 2006, the trial court held a new sentencing hearing. The court re-imposed the original sentence of three years on Count One, three years on Count Two, two years on Count Three, ten months on Count Four, community control, and a fine. In re-sentencing Petitioner, the trial court made the original findings and considered them as advisory factors.

2

Petitioner filed a timely Notice of Appeal.  On November 27, 2006 the Court of Appeals denied the Appeal and affirmed the judgment of the trial court.  Petitioner filed a timely Notice of Appeal in the Ohio Supreme Court.  On March 28, 2007, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the Appeal as not involving any substantial constitutional question.  Petitioner filed in this Court a Petition for a Writ of Habeas Corpus on May 7, 2007.  On April 24, 2008, the Court denied Petitioner's Petition.  Petitioner filed a Notice of Appeal to the Sixth Circuit Court of Appeals, and the Sixth Circuit denied Petitioner a certificate of appealability

On August 22, 2008, Petitioner filed in the trial court a Motion to Re-sentence, alleging that the previous re-sentencing was void pursuant to *State v. Pelfrey*, 112 Ohio St. 3d 422, 860 N.E.2d 735 (2007), and related cases.  The trial court denied this Motion on October 1, 2008, and Petitioner did not appeal.  On July 16, 2009, Petitioner filed in the trial court a second Motion to Re-sentence, alleging that the previous re-sentencing was void pursuant to *State v. Baker*, 119 F.3d 197, 893 N.E.2d 163 (2008).  The court entered judgment *nunc pro tunc* on July 28. 2009, to correct the sentencing entry so as to create a proper final appealable Order.  On July 30, 2009, Petitioner filed in the trial court a Notice of Appeal of its July 28, 2009 judgment entry.  On August 3, 2009, the trial court again journalized a *nunc pro tunc* judgment entry imposing the same sentence and filing *nunc pro tunc* for the same expressed reason.  This entry was meant to correct clerical errors. On August 9, 2009, the trial court journalized a third *nunc pro tunc* judgment entry, this time changing Petitioner's sentence on Count Three to two years, rather than three.  The trial court again said that the purpose of the *nunc pro tunc* entry was to create a proper final appealable order pursuant to Baker.  In his Objection to Magistrate Judge's Report and

3

Recommendation, Petitioner agrees that the Magistrate Judge provides an accurate recounting of the procedural history.

Petitioner filed the instant Petition for a federal Writ of Habeas Corpus in this Court on August 11, 2010, asserting three grounds for relief.  On August 17, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  Respondent filed a Motion to Dismiss on October 14, 2010, asserting the instant Petition is successive and requires Petitioner to seek permission from the Sixth Circuit .  The Magistrate Judge issued her Report and Recommendation on July 26, 2011. Petitioner filed his Objections to the Report and Recommendation on July 28, 2011.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

4

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules

Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28

U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment

of a state court may file a petition for a federal writ of habeas corpus:

(d)(1)A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

Respondent moves to dismiss Petitioner's Petition as a second petition or, in

the alternative, transfer to the Sixth Circuit for permission to proceed with a second

5

petition, pursuant to §§ 28 U.S.C. 1631 and 2244(b)(3)(A).  Petitioner asserts that the instant Petition is actually his first Petition since the Petition filed on May 7, 2007 was the result of a state appeal that was not based on a final appealable order, and therefore,  was not properly filed.

The Magistrate Judge correctly determined that the Ohio Supreme Court's filing of a judgment entry on March 28, 2007 dismissing Petitioner's Appeal marked the date on which Petitioner's judgment became final by the conclusion of direct review.  That filing triggered the provision of 28 U.S.C. § 2244(d)(1) that a petition for a federal writ of habeas corpus be filed within one year of the conclusion of direct review.

The Court agrees with the Magistrate Judge's determination that § 2244 provides that a successive petition shall be dismissed unless the petitioner; (1) cites a new, retroactive, and relevant rule of constitutional law; or (2) produces undiscovered facts previously unavailable despite due diligence and clearly demonstrating innocence.  The Court agrees that Petitioner has failed to show; (1) that his due process claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; (2) that the factual predicate for his claim could not have been discovered previously through the exercise of due diligence; (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

The Magistrate Judge correctly points out that Petitioner's contention that his Petition is not a successive petition is without merit.  "The function of a *nunc pro tunc*

6

journal entry is to correct an omission in a prior journal entry so as to enter upon the record judicial action actually taken but erroneously omitted from the record.  A *nunc pro tunc* judgment cannot be used to change a prior journal entry unless it did not reflect what was actually decided by the court."  *Roth v. Roth*, 65 Ohio App.3d 768, 585 N.E.2d 482 (1989).  The Court agrees with the Magistrate Judge that if the *nunc pro tunc* judgment entry of re-sentence, as finally corrected, did not substantively alter the original judgment entry, an appeal from the *nunc pro tunc* judgment entry was not permitted under Ohio law.  Therefore, the Court finds that Petitioner's current Petition is a second Petition and that Petitioner has already received a full direct review on the merits.

       For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation, grants Respondents's Motion to Dismiss and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

       The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

                 IT IS SO ORDERED.

7

s/Christopher A. Boyko
Date:8/9/2011                    CHRISTOPHER A. BOYKO
                                 United States District Judge